OPINION OF THE COURT
Richard L. Buchter, J.
The issue presented herein is whether, and under what conditions, criminal convictions in a foreign nation may be used to impeach the credibility of a defendant testifying at trial.
*680 At a Sandoval hearing held before this court, the People proffered proof, based upon a fingerprint comparison, that the defendant had been convicted in Israel of a number of assaults, uttering a check without adequate cover, and several other crimes. The defendant has no record of convictions in the United States.
Under ordinary circumstances a trial court, in determining whether or not to admit proof of a prior criminal conviction against a testifying defendant, must, in a pretrial determination, simply weigh such factors as the probative value of showing such conviction and balance it against the prejudicial effect on the defendant’s right to a fair trial. (See, People v Sandoval, 34 NY2d 371.) Should the court allow the defendant to be cross-examined on the conviction and the defendant then denies the conviction, the People may prove it extrinsically (see, CPL 60.40 [1]).
However, where the conviction was had in a foreign country this court now holds that there are additional factors which should be weighed by the court making its Sandoval determination.
The concept of affording the defendant a presumption of innocence is historically an Anglo-American precept and is contrary to the law in many other nations. Similarly, such basic American constitutional protections as the right to counsel, the right to confront witnesses, and the right against self-incrimination, are not customarily afforded to defendants in many parts of the world.
Based upon the foregoing, this court concludes that it would be grossly unfair to have a jury exposed to a defendant’s foreign criminal adjudication even for the limited purpose of the jury determining his credibility, without some prior inquiry and consideration by the court, to determine whether the defendant was afforded the basic aspects of what we would consider to be fundamental due process, at the time the conviction was obtained.
Accordingly, the court’s Sandoval determination is hereby held in abeyance and the People are directed to furnish the court with a memo setting forth a sufficient overview of the Israeli justice system to enable this court to determine if that system complies with fundamental due process requirements. The court will thereafter render its determination after a consideration of the above as well as the traditional Sandoval factors to be considered.